UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON BARNARD, | ) | Case No. EDCV 14-737 GW(JC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 16, 2014, plaintiff, who is at liberty, has paid the filing fee and is proceeding *pro se*, filed a civil rights complaint against the "U.S. Government" asserting, among other things, that (1) he is "the Holy Spirit/son of God"; (2) "the 14th Amendment has been broken"; (3) he has been "discriminated against" and "sexual[ly] harass[ed]" because in 1986, his "penis [was] measured" and "[t]he length of [his] penis [and] width" were "heard and displayed . . . throughout the media"; (4) he has been "castoff as a loser" "[t]hroughout the United States of America and World on television, radio, computer, newspaper, and magazine, and Motion Pictures" and has "been the butt end and front end of jokes, . . . ridicule, and funhouse for the American people" on "different channels on television"; (5) for "close to three decades [he has been] unable to venture out, no friends, no

employment, and in unsafe housing," and has been "celibate 18 years," with his life "threatened" and "in danger"; and (6) he has been "deprived [of] the right to life." He seeks "$500,000,000 million dollars" in damages from the U.S. Government.

A paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citations omitted).[1] The court may dismiss a paid complaint *sua sponte* and without notice to the plaintiff if the complaint fails to state a claim and the plaintiff cannot possibly win relief. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). A complaint is frivolous if it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Clearly baseless allegations include those that are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In this case, dismissal is appropriate because the complaint is wholly frivolous.

A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citations, quotations and internal quotations omitted). Dismissal of this action is appropriate because it is clear that the deficiencies of plaintiff's complaint cannot be cured by amendment. Indeed, aside from the fact that the complaint is wholly frivolous, this action against the U.S. Government, is barred by sovereign immunity. See United States v. Mitchell, 445 U.S. 535, 539 (1980) (United States, as sovereign is immune from suit save as it consents to be sued; waiver must be unequivocally

///

---

[1] In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citation omitted).

expressed); <u>Jachetta v. United States</u>, 653 F.3d 898, 912 (9th Cir. 2011) (federal sovereign immunity bars civil rights violations claims against United States).

    IT IS THEREFORE ORDERED that the complaint is dismissed without leave to amend, that this action is dismissed with prejudice, and that judgment be entered accordingly.

DATED: April 29, 2014

*/s/ George H. Wu*

_____

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE